ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| MUNICIPIO AUTÓNOMO DE GUAYNABO

Peticionario

V.

VMF DESIGN GROUP, PSC Y OTROS

Recurridos | KLCE202401305 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón

Caso Núm.: BY2023CV04243

SOBRE: Cobro de dinero ordinario y otros |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Ortiz Flores, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de diciembre de 2024.

Comparece, ante este Tribunal de Apelaciones, el Municipio Autónomo de Guaynabo (Municipio; peticionario) y nos solicita que dejemos sin efecto la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI) el 19 de noviembre de 2024 y notificada al día siguiente, 20 de noviembre de 2024. Mediante dicha decisión, el TPI instruyó al Municipio a contestar el requerimiento de admisiones enviado por VMF Design Group, P.S.C. (VMF; parte recurrida), en el término de veinte (20) días.

Adelantamos que, en el ejercicio de nuestra discreción y por las expresiones vertidas a continuación, denegamos expedir el presente auto.

**I**

El Municipio Autónomo de Guaynabo presentó, el 2 de agosto de 2023, una *Demanda* contra VMF por incumplimiento de contrato, la cual fue posteriormente enmendada para incluir como parte a XL Specialty Insurance Company, aseguradora de VMF. A tales efectos, el Municipio solicitó que el tribunal dictara una sentencia declaratoria que determinara que los contratos suscritos entre las partes eran nulos por estos no estar en cumplimiento con la Ley Núm. 164-2009 y la Ley Núm. 173-1988. Como remedio, postuló que el TPI ordenara a VMF devolverle al Municipio la

Número Identificador

RES2024_____

cantidad de $953,758.26 de fondos públicos municipales que le fueron desembolsados como parte de los mencionados contratos, así como los intereses que devengaron. En caso de no proceder lo anterior, sugirió que el tribunal dictara sentencia declaratoria donde determinara que VMF incumplió con sus obligaciones contractuales al utilizar a una persona que no estaba licenciado como ingeniero en Puerto Rico. Añade que VMF tenía la obligación de devolverle al Municipio la cantidad de $953,758.26 de fondos públicos municipales que le fueron desembolsados como parte de los contratos, así como los intereses que devengaron. Además, solicitó un pago no menor de $250,000.00 en concepto de daños y una cantidad o menor de $100,000.00 en concepto de honorarios de abogado.[1]

Luego de contestada la *Demanda Enmendada*, donde VMF alegó afirmativamente que el peticionario adeudaba a VMF aproximadamente la suma de $253,742.58,[2] comenzó el proceso de descubrimiento de prueba, el cual constó de interrogatorios, requerimiento de admisiones y producción de documentos. Cónsono con lo anterior, el 10 de septiembre de 2024, VMF entregó al Municipio un requerimiento de admisiones el cual el Municipio contestó. Sin embargo, el 28 de octubre de 2024, VMF sometió una *Moción Solicitando Orden* donde alegó que las contestaciones del Municipio eran inadecuadas pues sostenían que, por los contratos ser nulos, las facturas a las cuales se hizo referencia en el requerimiento no eran exigibles.[3] Por tal motivo, VMF solicitó al tribunal que ordenara al Municipio a contestar los requerimientos o que, de lo contrario, se dieran por admitidos. El requerimiento constó de treinta y una (31) oraciones que mantenían la composición de la oración igual, su único cambio era el número de factura. Estas versaban de la siguiente manera:

> Admita que la factura [número de factura] de VMF al Municipio de Guaynabo, incluida como Anejo [número de anejo] de este requerimiento de admisiones, no ha sido pagada por el Municipio de Guaynabo.[4]

---

[1] Apéndice del recurso, págs. 16-44.
[2] Apéndice del recurso, pág. 46.
[3] Apéndice del recurso, págs. 157-160.
[4] Apéndice del recurso, págs. 139-143.

A esos requerimientos, el Municipio contestó cada uno como sigue:

Se niega. La premisa asume que la factura [número de factura] es una válida. No obstante, la factura es inválida, toda vez que esta, o en la alternativa el contrato bajo el que se emitió, son nulos por violentar las disposiciones de la Ley 107-2020, la Ley 173-1988 y Ley 164-2009. Véase, alegaciones e la Demanda del caso de epígrafe. A esos efectos, el pago de dicha factura no es exigible.[5]

En respuesta a la moción de VMF, el Municipio presentó su oposición donde planteó que, para la presente acción, era inmaterial e impertinente si había facturas que no habían sido pagadas por el Municipio, toda vez que la controversia giraba en torno a la nulidad de los contratos en cuestión. A esto VMF presentó una réplica en la cual mantuvo su postura inicial.[6] Luego de presentada una dúplica por parte del Municipio, el TPI notificó su *Orden* al respecto el 20 de noviembre de 2024 donde determinó lo siguiente:

Examinados los escritos de las partes, el Tribunal entiende que son pertinentes a la controversia. Por lo que, se ordena al Municipio a contestar los requerimientos de admisiones en 20 días. Lo requerido es que admita o niegue que no se ha pagado X factura. La determinación si es o no válida dicha factura corresponde al Tribunal en su momento una vez haya escuchado la prueba en juicio.[7]

Inconforme con lo anterior, el Municipio recurrió a este foro por medio de un recurso de *certiorari*, acompañado de una moción en auxilio de jurisdicción, donde solicitó la paralización de los procedimientos ante el TPI hasta la disposición final del petitorio. En el recurso expone el siguiente señalamiento:

Erró el TPI al ordenarle al Municipio a contestar los Requerimientos a pesar de que los mismos resultan inmateriales e impertinentes a la controversia objeto del pleito de marras y de que exigir su contestación causará perjuicio indebido al Municipio.

Considerados los escritos presentados, ordenamos la paralización de los procedimientos y concedimos a la parte recurrida hasta el 16 de diciembre de 2024 para presentar su posición. VMF cumplió oportunamente con lo ordenado.

---

[5] Apéndice del recurso, págs. 144-151.
[6] Apéndice del recurso, págs. 167-170.
[7] Apéndice del recurso, pág. 1.

## II

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior". *Rivera et al. v. Arcos Dorados*, 212 DPR 194, 207 (2023), que cita a *IG Builders v. BBVAPR*, 185 DPR 307, 337-338 (2012). Se trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). Particularmente, en cuanto al *certiorari* para revisar dictámenes interlocutorios del foro primario, en su parte pertinente, la Regla 52.1 dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. Al denegar la expedición de un recurso de *certiorari* en estos casos, **el Tribunal de Apelaciones no tiene que fundamentar su decisión.** […] (Énfasis nuestro.) 32 LPRA Ap. V, R. 52.1.

Así pues, a este foro intermedio le corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari*. Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que auscultar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de alguno de los asuntos establecidos en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué materias, solamente, se podrá expedir el auto de *certiorari*. En aquellos casos en los que el asunto no esté comprendido dentro de la norma, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente. Superada esta etapa, analizamos si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari*. Como se sabe, la Regla 40 establece los criterios que debemos tomar en

consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

A su vez, los foros apelativos "no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Asimismo, con relación a determinaciones interlocutorias discrecionales procesales, no debemos sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, "salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción". *Meléndez v. Caribbean Int'l News*, 151 DPR 649, 664 (2000). Finalmente, es norma reiterada que al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. A su vez, los foros apelativos no debemos intervenir con las decisiones de los tribunales de instancia, "salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho

sustantivo, y que [la] intervención en esa etapa evitará un perjuicio sustancial". *Lluch v. España Service Sta.*, *supra*, pág. 745.

**III**

Atendido y examinado el recurso de *certiorari*, presentado el 2 de diciembre de 2024, así como los documentos anejados al mismo y la oposición del recurrido, somos del criterio que no se justifica nuestra intervención. A la luz de la Regla 52.1 de Procedimiento Civil, *supra*, no vemos cabida para expedir el recurso. Los foros de instancia tienen amplia discreción para el manejo del proceso de descubrimiento de prueba de los casos que se ventilan en sus salas. Además, no se ha demostrado que el foro recurrido incurrió en un craso abuso de discreción, ni que se haya equivocado en la interpretación o aplicación de una norma procesal y que, intervenir en esta etapa, evitaría un perjuicio sustancial contra el peticionario.

**IV**

Por todo lo anterior, denegamos expedir el auto de *certiorari* presentado y levantamos la paralización para que se retomen los procedimientos y el caso continúe su curso.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solis
Secretaria del Tribunal de Apelaciones